of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

Radji MANSOURATOU, Petitioner,

v.

U.S. DEPARTMENT OF JUSTICE, Board of Immigration Appeals, Respondents.

No. 08–0515–ag.

United States Court of Appeals, Second Circuit.

Jan. 30, 2009.

Brian I. Kaplan, New York, NY, for Petitioner.

Gregory G. Katsas, Asst. Atty. General; John W. Blakeley, Senior Litigation Counsel; Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, Civil Div., U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, and Hon. WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Radji Mansouratou, a native and citizen of the Ivory Coast, seeks review of a December 31, 2007 order of the BIA, affirming the October 6, 2006 decision of Immigration Judge ("IJ") Terry Bain denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Radji Mansouratou,* No. A98 420 364 (B.I.A. Dec. 31, 2007), *aff'g* No. A98 420 364 (Immig. Ct. N.Y. City, Oct. 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

As a preliminary matter, we lack jurisdiction to review the IJ's pretermission of Mansouratou's asylum application. 8 U.S.C. § 1158(a)(3). While we retain jurisdiction to review constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(D), Mansouratou's argument that her "uncontroverted testimony" established that she timely filed her asylum application "merely quarrels over the correctness of the [IJ's] factual findings." 8 U.S.C. § 1158(a)(2)(B); *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir.2006). Because we are without jurisdiction to review such an argument, we dismiss the petition for review to that extent.

We further conclude that the IJ's adverse credibility determination is supported by substantial evidence. The IJ found inconsistencies in the record with respect to Mansouratou's alleged rape. Indeed, while her first asylum application did not include an allegation of rape, her second application did. Moreover, Mansouratou initially testified that, while detained in 2001, "besides being slap on the face, being cursed, being hit, there's nothing else that happened," but then testified to being raped after she was prompted by her lawyer. In a pre-REAL ID Act case like the one at issue here, to form the basis of an adverse credibility determination, an inconsistency must be "substantial" when measured against the record as a whole. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–309 (2d Cir.2003) *abrogated, in part, by Xiu Xia Lin v. Mukasey*, 534 F.3d 162 (2d Cir.2008). Here, Mansouratou's inconsistent testimony is plainly substantial because it casts doubt on whether the alleged rape—a central element of her claim—ever occurred. *Id.*

The IJ found numerous other discrepancies in the record, including: (1) her testimony that her father died in 2001, which was inconsistent with her assertion in her application that he was killed in August 2003; (2) her claim in her first asylum application that she was beaten during a demonstration, which contradicted her testimony that she had never participated in a demonstration; and (7) her testimony that her entire family was taken away in September 2002, which was inconsistent with her later testimony that only she and her father were taken away. Mansouratou calls these discrepancies "minor" and "completely irrelevant." However, each of these inconsistencies relates to a central aspect of her claim, casting doubt on whether she was politically active, and whether she was ever arrested or mistreated. *See Secaida–Rosales*, 331 F.3d at 308–309. Even if Mansouratou were correct that these inconsistencies were minor, taken together, they provided proper support for the IJ's adverse credibility determination. *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006) (holding that "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder"). Accordingly, the IJ's denial of Mansouratou's application for withholding of removal was proper. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic*, 519 F.3d at 95.

Finally, inasmuch as Mansouratou based her claim for CAT relief on the same factual predicate as her withholding claim, and the IJ properly found that such claim lacked credibility, her CAT claim necessarily fails. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a

stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).